

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~XXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Thomas L. Blanton, Jr.
County Attorney
Shackelford County
Albany, Texas

Dear Sir:

Opinion No. O-2114
Re: Form of ballot in local
option election.

Your letter of March 21, 1940, requesting an opinion of this
department on the questions as are herein stated has been received.
Your letter reads in part as follows:

"The present status of the liquor situation in Shackelford County is
as follows:

"In Justice Precinct No. One, it is lawful to sell malt and vinous
beverages that do not contain alcohol in excess of 14 per cent;

"In Justice Precinct No. Two, it is lawful to sell all alcoholic
beverages;

"In Justice Precinct No. Three, it is lawful to sell beer that does
not contain alcohol in excess of 4 per cent;

"In Justice Precinct Nos. Four and Five, it is unlawful to sell any
kind of intoxicating liquor.

"Petitions are now being circulated requesting the Commissioners Court
to order a county-wide local option election to vote upon the follow-
ing issues only:

        "For prohibiting the sale of all alcoholic beverages' and

        "'Against prohibiting the sale of all alcoholic beverages.'

"It is my opinion that under the local option election law, as provided
in Article 666, Section 32 et seq., this is a proper issue to be pre-
sented in case it is desired to prohibit the sale of all forms of alco-
holic beverages.

"Questions: (1) In order to prohibit the sale of all intoxicants in
Shackenford County, is the above the proper issue to submit under
the law?    (2)  Can a local option election be held in any of the
Justice Precincts affected subsequent to the county-wide election to
change the status within one year from the date of the county-wide
election?"

Article 666-40, Vernon's Annotated Penal Code, sets out in detail the several ballots by which local option elections may be held where various types of liquor may be voted on, the first three ballots to legalize, the second three to prohibit the sale of liquor, as follows:

"Sec. 40. The Commissioners' Court upon its own motion may, or upon petition as herein provided shall, as provided in Section 32, Article I, order local option elections for the purpose of determining whether alcoholic beverages of the various types and alcoholic contents herein provided shall be legalized or prohibited.

"In areas where any type or classification of alcoholic beverages is prohibited and the issue or issues submitted pertain to legalization of the sale of one or more such prohibited types or classifications, one or more of the following issues shall be submitted:

"(a) 'For legalizing the sale of beer that does not contain alcohol in excess of four (4%) per centum by weight' and 'Against legalizing the sale of beer that does not contain alcohol in excess of four (4%) per centum by weight.'

"(b). 'For legalizing the sale of malt and vinous beverages that do not contain alcohol in excess of fourteen (14%) percentum by volume and 'Against legalizing the sale of malt and vinous beverages that do not contain alcohol in excess of fourteen (14%) per centum by volume.'

"(c). 'For legalizing the sale of all alcoholic beverages' and 'Against legalizing the sale of all alcoholic beverages.'

"In areas where the sale of all alcoholic beverages has been legalized, one or more of the following issues shall be submitted in any prohibitory election:

"(d). 'For prohibiting the sale of all beverages that contain alcohol in excess of four (4%) per centum by weight' and 'Against prohibiting the sale of all beverages that contain alcohol in excess of four (4%) per centum by weight.'

"(e). 'For prohibiting the sale of all alcoholic beverages that contain alcohol in excess of fourteen (14%) per centum by volume' and 'Against prohibiting the sale of all alcoholic beverages that contain alcohol in excess of fourteen (14%) per centum by volume.'

"(f). 'For prohibiting the sale of all alcoholic beverages' and 'Against prohibiting the sale of all alcoholic beverages.'

"In areas where the sale of beverages containing alcohol not in excess of fourteen (14%) per centum by volume has been legalized, and those of higher alcoholic content are prohibited, one or more of the following issues shall be submitted in any prohibitory election:

"(g). 'For prohibiting the sale of alcoholic beverages that contain alcohol in excess of four (4%) per centum by weight' and 'Against prohibiting the sale of alcoholic beverages that contain alcohol in excess of four (4%) per centum by weight.'

"(h). 'For prohibiting the sale of all alcoholic beverages' and 'Against prohibiting the sale of all alcoholic beverages.'

"In areas where the sale of beer containing alcohol not exceeding four (4%) per centum by weight has been legalized and all other alcoholic beverages are prohibited, the following issue shall be submitted in any prohibitory election:

"(i). 'For prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight' and 'Against prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight.'

"Where more than one issue is submitted, on a single ballot, no ballot shall be counted unless the voter shall vote upon each of the issues appearing on any such ballot; and each such ballot shall have printed thereon the words 'This ballot will not be counted unless the voter shall vote upon each of the issues appearing hereon.'"

In Justice Precinct No. 2, it is lawful to sell all alcoholic beverages. Therefore, theoretically, the county as a whole is wet regarding all alcoholic beverages. That is to say, the county at some prior election voted in favor of legalizing the sale of all alcoholic beverages and the status of the county as a whole has not been changed by a subsequent election, otherwise it would be unlawful to sell all alcoholic beverages in Precinct No. 2. We must assume that the present status of the various other precincts has been brought about by elections held subsequent to the county-wide election legalizing the sale of all alcoholic beverages. Therefore, it would natually follow that in a county-wide local option election where the county as a whole is wet regarding all alcoholic beverages, the proper issues to be presented to be voted upon would be "For prohibiting the sale of all alcoholic beverages," and "Against prohibiting the sale of all alcoholic beverages."

In the event the county as a whole voted favorably for prohibiting the sale of all alcoholic beverages, the county would be dry as a whole, and the sale of any alcoholic beverages of any nature as defined in the statute would be unlawful. On the other hand, should the county as a whole vote against prohibiting the sale of all alcoholic beverages, the county as a whole would be wet regarding all alcoholic beverages, and the various Justice Precincts would retain their present status until changed by a subsequent election.

In an opinion written February 4, 1936, this department held that when one of the three above mentioned provisions has been submitted and voted on favorably by the voters, the same would remain legal until and unless the specific question is again submitted to the voters and is repealed by them.

In the case of Houchins vs. Plainos, 110 S.W. (2d) 549, the Supreme Court of Texas, among other things, held that under the 1935 amendment of Section 20, Article 16 of the State Constitution, the area of any county, justice precinct, city or town that was dry when the amendment went into effect, remainded dry with the right to become wet by so voting at an election held under the present local option statutes held in the same area that originally voted dry, and where a city has ceased to exist as a municipal corporation, it still exists for the purpose of holding local otpion elections to make the area thereof wet, either as represents all intoxicating liquors, or only as respects wine or beer.

We quote from the above mentioned case as follows:

". . . It was certainly the law at the time the City of Houston Heights voted to dissolve its corporate existence and annex its territory to the wet city of Houston that when an area voted dry, it remained dry until it was voted wet at a subsequent election held in and for the same identical area which had theretofore voted dry, and the change, or even abolition, of the political or corporate entity which comprised such area did not alter this fact or rule of law. . . ."

Local option laws did not permit local options voted into effect to be voted out by merely voting on a collateral matter. A reading of such statutes clearly negates such a conclusion. In this respect, it is settled as the laws of this State that were a power is expressly given by the Constitution, and the means by which, or the manner in which it is to be exercised is prescribed, such means or manner is exclusive of all others. (See authorities cited in the above mentioned case.)

With reference to your second question, as above stated, should the county as a whole vote for prohibiting the sale of all alcoholic beverages, the county would be dry regarding all alcoholic beverages, and the various precincts would have no authority to call and hold any local option election. However, should the counties vote against prohibiting the sale of all alcoholic beverages, the status of the various precincts would remain the same, and such precincts could legally hold a local option election submitting to the voters of the different precincts the separate and distinct statutory issues upon the question of legalizing the sale of malt and vinous beverages or liquor, as provided for in the above mentioned statute at any time after the county-wide election in compliance with the Texas Liquor Control Act.

In this connection, we enclose a copy of our opinion No. O-682, Conference Opinion No. 3047. Trusting that the foregoing fully answers your inquiry, we remain

APPROVED APR 8, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

AW:GO:egw

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Assistant